The Honorable David R. Matthews State Representative P.O. Box 38 Lowell, AR 72745
Dear Representative Matthews:
This is in response to your request for an opinion regarding the petitions and ballot in connection with an election to create a community college district. You note that the ballot title which has been approved includes the following language:
 `Vote for or against the establishment . . . this includes authorizing the levying of a tax not to exceed four mills on the dollar of assessed value of property.
You also indicate that the petitions calling for an election contain the following language:
 `The proposed maximum rate of millage to be used for support of the community college district shall not exceed four mills on the dollar of the assessed value of property of the district.'
Your specific questions are as follows:
 1. Must the Board of Higher Education readopt new language for the ballot if the millage increase to be sought is less than four mills? For example, if only three mills or 3.4 mills were to be sought must the Board of Higher Education adopt a new resolution approving the wording of the ballot to the smaller millage amount?
 2. If indeed it is determined that a millage increase of three mills or 3.5 mills is to be sought rather than four mills, must the petitions signed by the voters of the district to be created be recirculated and new signatures obtained for the smaller amount?
If the intent is for three (3) or three and one-half (3.5) mills to be the maximum authorized millage, rather than four (4) as currently specified, it is my opinion that the wording of the ballot and petitions should be changed.
It is also my opinion, however, that the local board is not obligated to certify the maximum authorized millage to the tax levying authority for collection. This conclusion is indicated by several provisions of the body of law pertaining to the formation of community college districts. See A.C.A. 6-61-501, et. seq. and6-61-601, et seq. Section 6-61-602(c)(1) states that "[t]he local board of each community college shall certify . . . to the appropriate tax levying authority of each county or city of the district the aggregate millage to be levied for the district for operating purposes." Section 6-61-517(a) should also be noted wherein it states: "The ad valorem tax levied by a district, or so much thereof as shall be necessary, shall be a continuing levy until reduced in the manner provided in this subchapter." (Emphasis added.) And, finally, 6-61-602(f) states:
 Whenever the local board of any college determines that the rate of tax levied by the district . . . is greater than is necessary, the local board shall certify the reduced rate of millage to the appropriate tax levying authority of each county or city of the district, and the reduced rate of millage shall be levied and shall be extended on the tax books as the rate of tax due that community college district until a greater amount of tax shall be certified by the local board of the college as authorized in this section.[1]
It may reasonably be concluded from these provisions that the maximum rate of millage specified in the ballot is not necessarily the rate that must be levied. The local board apparently has some discretion in this regard, so long as the maximum rate is not exceeded.
It is also significant to note that the wording of the ballot in this instance, as described in your correspondence, comports with the form authorized under A.C.A. 6-61-513(c)(1). This form specifically authorizes reference to a tax "not to exceed . . . mills." Thus, although an upper limit is established, there appears to be no prohibition against certification of a lesser amount. It is my opinion, therefore, that a new ballot will be necessary only if the board seeks to establish a maximum millage rate that is less than four (4).
The same response applies with regard to the petitions. The language outlined in your correspondence is specifically authorized, and required, under A.C.A. 6-61-513(c), which states in pertinent part that the petitions must describe ". . . the proposed maximum rate of millage to be levied for the support of the district, if any. . ." As previously indicated with regard to the ballot, new petitions would be required if the intent is to change the specified millage rate that may not be exceeded from four (4) to three (3) or three and one-half (3.5).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Amendment 52 to the Constitution of Arkansas, moreover, specifically authorizes these laws wherein it states in pertinent part under Section 2 that "any millage so approved by the electors of a district shall be a continuing levy until increased, reduced, or repealed in such manner as may be provided by law. . . ." (Emphasis added.)